## JOHNSON *vs.* BALL.

In pleading a discharge in bankruptcy, it is only necessary to set forth so much of the proceedings in the district court as will show that the court had jurisdiction of the petition, and granted the discharge. If there is any matter which renders the discharge invalid, or takes the case out of its operation, the plaintiff may set it forth in his replication.

In order to give the district court jurisdiction, the petitioner must be a resident of the district where the petition is filed. That fact must therefore be averred in the petition.

ASSUMPSIT. The defendant pleaded in bar, because since the last continuance, to wit, on the 5th of August, 1842, at a district court for the southern district of New-York, he, having filed his petition by the name of Joseph Brown Ball, of the city of New-York, praying to be discharged in full from all his debts, and for a certificate of discharge, pursuant to the act of Congress, passed, &c., and having *bonâ fide* surrendered all his property and rights of property, with the exception, &c., and having fully complied with all the orders and directions which had been made by the court, and having otherwise conformed to all the requisitions of the act, and no dissent having been filed, and no cause having been shown why the prayer of the petition should not be granted, he was, by virtue of the act, and by the order and decree of the court, fully discharged, &c.; a certificate whereof was granted to him under the seal of the court, &c.; that the debt was provable under the commission, and was not contracted in any fiduciary capacity, &c. These matters were formally set forth in the plea.

The plaintiff filed a general demurrer.

*Hatch & Emery,* for the plaintiff.

*Hayes & Hackett,* for the defendant.

PARKER, C. J. A brief plea of a discharge in bankruptcy is given in England, by statute, in certain cases. 9 *East* 82, *Harris* vs. *James.* In those cases to which the statute does not apply, it is said to be best to set out the proceedings at large, and there are

precedents of that character. But this seems to be unnecessary and is very onerous. If the court appears to have had jurisdiction, and to have granted the discharge, any mere error in the course of its proceedings would not avail to defeat the discharge. If, therefore, the proceedings were set forth in detail, according to the precedents, it would seem that most of the averments could not be traversed, as it would only lead to an immaterial issue. We are of opinion that in this class of cases it is only necessary to set forth enough to show that the court had jurisdiction of the case, and granted the discharge. So are the cases in New-York of pleading a discharge under the insolvent law of that State. 1 *Johns. R.* 91, *Service* vs. *Heermance;* 20 *Johns.* 208, *Roosevelt* vs. *Kellogg.* If there is any matter which renders the discharge invalid, or takes the case out of its operation, the plaintiff may set it forth in the replication. Most of the objections to the plea in this case are, therefore, not well taken. But there is one which is fatal to the plea as it stands. In order to give the district court jurisdiction, the petitioner must be a resident of the district where the petition is filed, and this plea contains no averment that the defendant was, at the time, a resident in the southern district of New-York. The allegation that he filed his petition by the name of Joseph Brown Ball, of the city of New-York, is not enough. The petition might have been so filed and the defendant been a resident elsewhere. The plea fails, therefore, of showing any jurisdiction in the district court. 1 *Cowen's R.* 316, *Wyman* vs. *Mitchell.*

The plaintiff is, therefore, entitled to judgment on the demurrer, as the case now stands, but the defendant may amend on payment of costs.