## Morrison & a. v. Woolson.

In pleading a discharge in bankruptcy, the court in which the discharge was granted must be set forth in the plea, otherwise it will be bad.

Upon an application for a discharge under the bankrupt act of Congress of 1841, when the jurisdiction of a district court once attached, it extended not only to the general merits of the bankrupt's case, but to the regularity and sufficiency of all the interlocutory proceedings.

In pleading a discharge in bankruptcy, if the plea shows the district court to have had jurisdiction, and to have proceeded, on the petition, to decree the discharge, all the intermediate steps will be presumed to have been regularly taken.

A discharge and certificate granted under the bankrupt act, by a court having jurisdiction of the case, is conclusive evidence in favor of the bankrupt, unless impeached for fraud or artful concealment of property.

DEBT. The declaration contained several counts. The first was for goods sold and delivered to the defendant and Thomas J. Gardner, as partners, under the style of Gardner

& Woolson, the second, for money had and received by the same firm.    The other counts it is unnecessary to state.

To the first and second counts the defendant pleaded " that the plaintiffs ought not to have or maintain their aforesaid action thereof against him, because he says that the said several supposed causes of action, if any such there were, in said first and second counts mentioned, were debts owing by said Woolson on the 21st day of December, 1842, as a member of the firm of Gardner & Woolson, before that time existing, and which, long before that time, to wit, on the 18th day of May, 1839, was dissolved, and then, and ever since ceased to exist ; and all the assets of said firm then became and ever since have remained the private property of the said Woolson, and on said 21st day of December, 1842, the said Woolson being then and ever since a citizen and resident of *Littleton, in* the State of New Hampshire, by his petition, verified by his oath, for the benefit, in his private right and capacity, and as a member of said firm of Gardner & Woolson, dissolved as aforesaid, of the act of Congress of the United States, passed August 19th, 1841, entitled an act to establish a uniform system of bankruptcy throughout the United States, and thereupon such proceedings were had that said defendant, by a decree of said court, was duly declared a bankrupt, and on the 18th day of September, 1844, it was decreed by said court that the said defendant be fully discharged of and from all his debts, owing by him as a member of the said firm of Gardner & Woolson, aforesaid, at the time of the presentation of his said petition as aforesaid, to wit, on the 21st day of December, 1842, and this he is ready to verify.    Wherefore he prays judgment if the said plaintiffs ought to have and maintain their aforesaid action thereof against him as to said first and second counts."

To this plea the plaintiffs replied, " that they ought not to be precluded from having and maintaining their action as to the said counts, because they say that at the time of

the presentation of the defendant's aforesaid petition to said district court, on the 21st day of December, 1842, said firm of Gardner & Woolson, so far as concerns the then creditors of said firm, was then existing and had assets amounting to a large sum, to wit, the sum of eleven thousand five hundred and twenty nine dollars and sixty-two cents, and which were inventoried as the assets of said firm by the defendant in his said petition. Yet the said district court did not, as many as ninety days before the said decree of discharge, on the 19th day of August, 1844, or at any time, by an order or decree, declare the said Gardner & Woolson to be bankrupts, nor so declare said Woolson to be a bankrupt, as a member of said firm, and in his said partnership capacity—without this that said firm, on the 18th day of May, 1839, or afterwards, before the presentation of said petition, was dissolved, and that its assets became and remained the private property of the said Woolson, in manner and form as in said plea is alleged; and this they are ready to verify, &c."

To this replication the defendant demurred, assigning duplicity and other causes.

The questions arising upon this state of the pleadings were transferred to this court for determination.

*Bellows*, for the defendant.

The replication does not deny that the firm was dissolved and ceased to exist, so far as respected the right of the members to apply individually for the benefit of the bankrupt law; but alleges, in substance, that so far as respected their remedies against the members and the partnership property, the firm still continued to exist. It is in fact a sort of negative pregnant, admitting that as between the partners the firm was dissolved and the assets had become the property of the defendant. This is all the plea states, and can in no way be affected by the fact that the creditors still retained their remedies against the members in their joint

capacity, and could attach the property that had belonged to the firm.

And, besides, the replication does not allege that the plaintiffs were then creditors of the firm. Even if the replication be not defective as to form, we hold that it is bad in substance. The petition of the defendant was for the benefit of the law in his private capacity, and as a member of the firm of Gardner & Woolson. He was duly declared bankrupt, and discharged from all his debts, owing in his private capacity, and as a member of the firm. The court had jurisdiction, and entertained it, and decreed a full discharge from both classes of debts. And this discharge must stand, and cannot be examined in this way. The district court had general jurisdiction over the person and the subject, and its adjudication is conclusive. Had there been any irregularity in the proceeding, the proper exceptions should have been taken in that court. But the decision in that case would have been final and conclusive, like that of any other court of general jurisdiction. Any error in the course of the proceedings would not defeat the discharge when the court had jurisdiction. This is in accordance with the provisions of the bankrupt law, providing that such discharge, when duly granted, shall be a full and complete bar in all courts of justice, unless impeached for some fraud or wilful concealment of property. Bankrupt Law, § 4 ; *Johnson* v. *Ball*, 15 N. H. Rep. 407 ; *Haines* v. *Pike*, 1 R. I. Rep. 262.

So the plaintiffs cannot reply that the defendant did not comply with the provisions of the statute, but must reply *nul tiel record*, or fraud or concealment. *Pierce* v. *Bray*, 1 N. J. Rep. 13.

So failure to give notice to a creditor will not vitiate. *Shelton* v. *Peal*, 10 Mis. Rep. 473 ; *Brown* v. *Bibb*, 1 Rich. 374.

In this case, it is proposed to show that Gardner & Woolson were existing partners, and that the firm was not decreed to be bankrupt, and for the purpose of invalidating

the discharge; notwithstanding the court had full jurisdiction. We hold, however, that in the state of facts disclosed by the pleadings, there was no necessity that the firm, or Woolson, as a member of the firm, should be declared bankrupt. As stated before, the dissolution of the firm is not denied, nor is it denied that as between the partners it had ceased to exist. Had the firm been existing, then it should have been declared bankrupt. But having been dissolved, the case did not come within the provisions of the 14th section of the bankrupt act, for that applies only to such persons as are partners in trade at the time of the application. It could not, in fact, have been designed to confer upon one person the power to draw into bankruptcy another, upon the ground that they had once been partners, when no such firm was then in existence. To justify such a construction, the language of the law should be explicit. But here it is the other way. There being no partnership in existence, they stand upon the same ground as other joint debtors, and neither of them can force the other into bankruptcy.

Nor does the existence of assets affect the question, for the rights of creditors of the firm can well enough be protected without lodging this power in the hands of one of its members. *Re Ingalls*, 5 Law Reporter, 401. Whether the partnership creditors would have a lien upon these assets in any form, is another question, and does not affect this any more than if the lien was by mortgage. There being no firm then in existence and no partnership assets, there was no necessity of declaring the defendant bankrupt as a member of the firm, any more than to declare him a bankrupt as a merchant tailor. The statute provides for only two cases, the bankruptcy of a private individual and of an existing firm. Woolson stands only in the condition of a private individual; and a decree of bankruptcy in general terms is a decree of bankruptcy in any capacity excepting as a member of an existing firm. This doctrine that such a case does not come within the fourteenth section of the

bankrupt act has been fully recognized in several cases. *Mority* v. *Pinner*, 5 Law Reporter, 325; *Ex parte Hall*, 5 Law Reporter, 269. If, then, it does not come within the provisions of the fourteenth section, it is clear, we think, that the firm should not have been declared bankrupt. And if not, a general decree of bankruptcy, as to the defendant, was sufficient.

*Goodall* and *Morrison*, for the plaintiffs.

It does not appear from any of the pleadings, what particular district court received the petition and granted a discharge. This omission is a fatal defect in the plea, in no way supplied by the replication, nor cured by pleading over. *Johnson* v. *Ball*, 15 N. H. Rep. 407; 1 Chitty's Pld. 672; *Joy* v. *Simpson*, 2 N. H. Rep. 179; *Tarlton* v. *Wells*, 2 N. H. Rep. 308.

As the plea is bad in substance, no matter if the application is defective in form. But we do not suppose it is. The firm might have been dissolved as between the partners, and not as to creditors. So long as there were partnership debts and assets, neither partner could be discharged from the debts, except under the fourteenth section of the bankrupt act. But as our views upon this question have already been fully stated, we will do no more than crave the attention of the court to our former argument, and to the case of *Thompson* v. *Thompson*, 4 Cush. 127.

But the important question in this case is this—was the discharge conclusive of the fact that it was preceded by a legal and sufficient decree of bankruptcy? The question is not whether, if a proper decree of bankruptcy were produced, we could go behind the record, but, where there is no proof of such a decree except the discharge and certificate, can we be permitted to show that there was none?

The argument that the certificate is conclusive, appears to overlook the fact, that it is only a discharge and certificate, duly granted, that is to have such an effect. The words of

the act are these; " and such discharge, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, &c." A certificate of discharge of private debts is duly granted, when the court has proceeded as authorized and required by the fourth section ; and a certificate of discharge from the partnership debts is duly granted when the court has proceeded as authorized and required by the fourth and the fourteenth sections, and not otherwise. The jurisdiction of the district judge, sitting in bankruptcy, was not according to the course of the common law, nor governed by the general laws regulating the jurisdiction of the courts of the United States, but was a special, limited, peculiar jurisdiction, derived wholly from that statute, and to be exercised in a most summary manner, without any appeal to the creditor, or any provision for a writ of error. *Kittredge* v. *Warren*, 14 N. H. Rep. 511 ; *Nelson* v. *Corland*, 1 Howard's U. S. Rep. 265.

The fact that the bankrupt act allowed no appeal to the creditor, and no writ of error, suggests a distinct ground of objection to the doctrine of the other side. The creditor is without other remedy against an illegal decree, and should therefore be allowed to avoid it by plea and proof. *Banks* v. *Johnson*, 12 N. H. Rep. 451 ; *Sanborn* v. *Fellows*, 2 Foster's Rep. 489; *Vose* v. *Martin*, 4 Cush. 31; *Smith* v. *Rice*, 11 Mass. Rep. 514.

It is believed that the rule which prevailed under the act of 1800, and which has generally prevailed both in England and this country, under statutes providing for the discharge of bankrupts, insolvents and poor debtors, is, that the certificate is not conclusive evidence of the sufficiency and regularity of the proceedings. *Tulley* v. *Sparks*, 2 Ld. Ray. 1546 ; *Miles* v. *Williams*, 1 P. Williams, 259 ; *Alcord* v. *Wesson*, 14 E. L. & E. 360 ; *Pleasants* v. *Meng & a.*, 1 Dall. 380; *Blyth* v. *Johns*, 5 Binn. 247 ; *Waller* v. *Edwards*, 6 Litt. 348 ; *Leavitt* v. *Cutler*, 1 Mass. Rep. 68 ; *Jenkins* v. *Stanley*, 10 Mass. Rep. 228; *Starr* v. *Scott*, 8 Conn. Rep. 480 ; *Banks*

v. *Johnson*, 12 N. H. Rep. 445; *Harding* v. *Butler*, 8 Shep. 191; *Gardner* v. *Nute*, 2 Cush. 333; *Crocker* v. *Stone*, 7 Cush. 341.

The certificate is but *prima facie* evidence that the court has conformed to the requirements of the statute. Indeed, the rule of pleading adopted—that in respect to inferior courts—implies this. And we understand it to be well settled that it may always be shown that an inferior court has not kept within the prescribed limits. Any excess of jurisdiction is quite as fatal as the original want of it; and to proceed in a manner that the statute does not authorize is an excess of jurisdiction. It is just as competent to prove that an inferior court has not kept within its jurisdiction, as to prove that it never had any. The district court, as a bankrupt court, is an inferior court, and being an inferior court, any excess of jurisdiction is as fatal as the original want of it. The plaintiff might, perhaps, well contend that the ordinary judgment of any district or State court may be thus avoided. But it is sufficient that the · special, limited, summary jurisdiction of the district judge, sitting in bankruptcy, both by the terms of the statute and upon general principles, clearly comes within the rule applied to the proceedings of inferior courts. It comes within it, because it was special, limited and summary, and there was no appeal, and can be no writ of error; and because the act gave no effect to a certificate not duly granted.

We submit that a certificate under the fourth section cannot be conclusive evidence that it was preceded by a legal and sufficient decree of bankruptcy, because until such decree the court could not duly grant a certificate, nor have any jurisdiction over the subject of granting it. For the same reasons a certificate under the fourteenth section cannot be conclusive evidence that it was preceded by such an order as that section contemplates. That section requires a decree of bankruptcy against all the partners, and provides for the proof of debts and distribution of assets, and then declares that in all other respects the proceedings against

partners shall be conducted in like manner as if they had been commenced and prosecuted against one person alone. Hence the requirements of the fourth section, so far as consistent with the fourteenth, must be followed, and hence by force of the two sections, there was no legal power to discharge either partner from the debts of the firm, unless a decree of bankruptcy had been before entered against all. To argue that Woolson had been declared a bankrupt, and therefore the court had jurisdiction to determine whether he should have a discharge, and what it should be, is fallacious. He had not been declared bankrupt, as a partner. There had been no decree under the fourteenth section, which is the only section that makes any provision for the discharge of company debts.

We submit that the last certificate was not duly granted, but was wholly unauthorized by the act, and the decree of discharge was a palpable excess of jurisdiction.

EASTMAN, J. The questions presented in this case are raised upon the pleadings. The action was debt; plea, bankruptcy; replication that the certificate was insufficient as not being duly and legally granted; and demurrer to the replication.

Upon examining the plea, we find that no court is set forth as having entertained the case and granted the certificate; and the plea is clearly bad on this account. It does not appear what district court received the petition and granted the discharge; and this omission is fatal. 1 Chitty's Pld. 672; *Joy* v. *Simpson*, 2 N. H. Rep. 179; *Johnson* v. *Ball*, 15 N. H. Rep. 407.

This defect, however, was probably a mere clerical error in copying the form; and the common pleas would no doubt grant an amendment, upon some terms, that would cure it.

The important question of the case is this; is a certificate of discharge conclusive as to the intermediate steps taken prior to the final decree?

Morrison *v.* Woolson.

The replication and the argument of the plaintiffs go upon the ground that the defendant having been a member of the firm of Gardner & Woolson, the court should either have declared the firm bankrupt, or Woolson a bankrupt, as a member of the firm, and in his partnership capacity; that such a decree was essential to be passed; that it was not so, and that they should be permitted to show it, to defeat the discharge. In other words, that they should be permitted to impeach the discharge for irregularity or illegality in the interlocutory proceedings.

Now, without stopping to investigate the question as to the correctness of the interlocutory decrees, or whether it was necessary for the district court to pass such a decree as that contended for by the plaintiffs, we are of opinion that the intermediate steps cannot be inquired into in this way. All that was necessary for the defendant to do in pleading his bankruptcy was to set forth enough to show that the district court had jurisdiction of the case, and decreed his discharge. And this being shown, the intermediate steps cannot be investigated. *Service* v. *Heermance,* 1 Johns. 91; *Buckman* v. *Cowell,* 1 Coms. 505; *Rowan* v. *Halcomb,* 16 Ohio Rep. 463; *Johnson* v. *Ball,* 15 N. H. Rep. 407; *Mc-Nulty* v. *France,* 1 Sandf. Sup. Court Rep. 128. And, correcting the defendant's plea, of its clerical error, enough was set forth to show that the court had jurisdiction, and could grant the decree of discharge. Having jurisdiction, it could adjudge upon the sufficiency of the interlocutory proceedings, and its decision upon those matters was final.

But we regard this question as having been substantially settled when this case was before the court on a former occasion. It was then held, (*Morrison* v. *Woolson,* 3 Foster's Rep. 11,) that as the plea showed the district court to have had jurisdiction, and to have proceeded on the petition to decree the discharge, all the intermediate steps would be presumed to have been regularly taken.

The course of argument pursued by the plaintiffs' coun-

sel is founded mainly upon decisions made under the English bankrupt act, which differs from ours, and upon decisions of State courts, based upon insolvent acts, which do not make the discharge and certificate final and conclusive; and hence the unsoundness of his conclusions.

By the English bankrupt act, where a defendant had obtained a certificate before the suit against him was brought, he was allowed to plead his bankruptcy generally, concluding to the country, and to give in evidence the special matter which entitled him to his discharge; and on the trial he was bound to prove all the proceedings required by the statutes, the certificate being made *prima facie*, but not conclusive evidence. Where he obtained his certificate after the suit was commenced, the provision which permitted him to plead generally did not apply; and in that case he was obliged to set out all the steps that warranted his discharge. The certificate of the chancellor was not in the nature of a decree or judgment on the validity and sufficiency of those proceedings. It did not constitute his discharge, and could not be pleaded as such. 2 Chitty's Pld. 426, 427; 1 Cook's Bankrupt Law, 82, 502, 506; *Miles* v. *Williams*, 1 P. Williams, 258, 259; *S. C.* 10 Mod. 160, 247. And so with the decisions upon the insolvent laws of several of the States, the certificate is not made by the terms of the acts conclusive evidence of the discharge.

But by the fourth section of the bankrupt act of the United States, the court was empowered to allow and decree to the bankrupt, who had complied with the law, a discharge from his debts, and give him a certificate thereof; and it was provided that such discharge and certificate, when duly granted, should, in all courts of justice, be deemed a full discharge of all debts, contracts, and other engagements, which were provable under the act, and should be and might be pleaded as a full and complete bar to all suits brought in any court of judicature whatever; and that the same should be *conclusive evidence,* of itself, in favor of such bankrupt,

unless the same should be impeached for some fraud or artful concealment by him, of his property or rights of property, contrary to the provisions of the act, on reasonable notice, specifying, in writing, such fraud or concealment.

The district court was thus entrusted with jurisdiction to pass the decree for the bankrupt's discharge. *That* was the tribunal appointed by the act to decide and adjudge on the question of his right to the certificate. It was not an inferior tribunal, whose proceedings could be impeached in the manner contended in the argument, but a court of record, and upon the question of granting the certificate, a court of final and conclusive resort. All persons interested were made parties, on notice prescribed by the law, to the proceedings in that court, and might there resist the debtor's application for his discharge. The decree of that court was expressly declared by the statute to be a final discharge. That decree, and not the proceedings on the petition, was to be pleaded in bar of the bankrupt's debts, and the certificate was made *conclusive evidence*, not only of the fact that the decree was passed, but also of the validity and legal effect of the decree, unless impeached for a cause named in the act, viz, fraud or artful concealment, by the bankrupt, of his property or rights of property, and upon notice in writing, specifying such fraud or concealment.

It was the decree which constituted the discharge, and was to be pleaded as such. If the defendant should plead and prove all the matters and things that, under the act, would be necessary to entitle him to his discharge, it would be no defence, because the law entrusted to the district court the jurisdiction to decide and conclude that question.

And this jurisdiction, when it once attaches, must be held to extend, not only to the general merits of the bankrupt's case, but to the sufficiency and regularity of the proceedings; otherwise the certificate could not be in the language of the act, conclusive evidence of the bankrupt's discharge. If the decree could be impeached because, before another

tribunal, and in another cause, the intermediate proceedings between the petition and final decree did not appear to be, in all respects, such as that other tribunal might be inclined to consider as sufficient, it would be in direct contradiction to the express words of the act, which declares that the decree shall not be impeached, except for fraud or concealment, specified in writing.

The plaintiffs attach much significance to the words "duly granted." But it is evident they cannot have the force contended for. If so, they open to inquiry all the proceedings in the district court; override the positive provisions of the fourth section of the act, and nullify its clearest language. It is unnecessary to inquire as to what the phrase was intended to refer, or as to what particular signification should be given to it, being clear, as we are, that it cannot, by any legitimate construction of the section, be held to defeat the plain words of the act, that the certificate shall be conclusive evidence, of itself, in favor of the bankrupt, unless impeached for fraud or artful concealment of property.

The district court judged upon the sufficiency of the interlocutory proceedings on the defendant's application, and had jurisdiction to conclude those questions, and the decree of discharge cannot be held void in this court, because those proceedings might not be such as we should think the proper practice.

The suggestions made upon this question are but little more than an abstract of the views expressed by the learned judge who delivered the opinion of the court when the case was formerly before us. Those views appear to us to cover almost the entire ground, and we have adopted them as expressing clearly and distinctly the opinion of the court at the present time.

Upon the main question, then, of the case, our opinion is, as stated, with the defendant; that the certificate is conclusive; but on account of the error in the plea, in omitting to

state any court in which the discharge was obtained, the demurrer must be overruled, with leave to the defendant to move the court of common pleas to amend his plea. When that shall be amended, there should be,

*Judgment for the defendant.*